FILED
SUPERIOR COURT
OF GUAM

2020 FEB -4 AM 11: 06

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| **PEOPLE OF GUAM,** | ) | **Criminal Case No. CM1588-98** |
| Plaintiff, | ) | GPD Report No. 98-13712 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **DECISION AND ORDER** |
| **CHATWICK TOMMY MATHEW,** | ) | |
| DOB: 10/20/1967 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 2, 2020 for hearing on Defendant Chatwick Tommy Mathew's ("Defendant") Motion to Dismiss. Defendant appeared with Assistant Public Defender Earl Espiritu. The People are represented by Assistant Attorney General Charles Kinnunen. After considering the arguments, the testimony of the parties, and the applicable law, the Court now issues this Decision and Order and **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The Guam Police Department arrested Defendant on June 29, 1998. The Government then filed a criminal complaint, charging Defendant with Open Container (as a Misdemeanor) and Operation of a Motor Vehicle Without a Valid Driver's License (as a Petty Misdemeanor) on October 23, 1998. The charges were later amended to remove the charge of Operation of a

Motor Vehicle Without a Valid Driver's License (as a Petty Misdemeanor) and the charge of add Driving While Under the Influence of Alcohol (as a Misdemeanor). Am. Compl. (Jan. 21, 1999). On August 6, 1999, the Court held a criminal trial setting hearing at which the Defendant was not present. Min. Entry (Aug. 6, 1999). The Court subsequently issued a Bench Warrant for Defendant's failure to appear at the prior hearing. Bench Warrant (Aug. 16, 2019). No further action took place on this case until August 26, 2019, at which point Defendant was arrested when trying to pay a traffic ticket in a different case.

Defendant filed the instant Motion to Dismiss, seeking to dismiss the charges against him "in light of the Government's unreasonable delay in prosecution, as well as on *de minimus* grounds." Mot. to Dismiss at 1. The People did not file an opposition. The Court held a hearing on the matter, at which point the Court took the matter under advisement. Min. Entry (Jan. 2, 2020).

## DISCUSSION

"If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 G.C.A. § 80.70(a). The Sixth Amendment right to a speedy trial attaches "upon the filing of a complaint in misdemeanor cases." *People v. Stephen*, 2009 Guam 8 ¶ 12. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Court shall consider: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay." *Id.* ¶ 14.

Under the analysis in *Barker v. Wingo*, analysis beyond the first factor is unnecessary if the Court finds there is a delay which is presumptively prejudicial. *See* 407 U.S. 514, 530 (1972). The United States Supreme Court has noted that delay which approaches one year is

generally "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, there was a delay of around twenty years. Prior to Defendant's arrest, the last hearing was held on August 6, 1999. No action was taken on this case until after Defendant was arrested on August 26, 2019. The delay here certainly exceeds the "presumptively prejudicial" benchmark.

When a defendant's right to a speedy trial has been violated, the only possible remedy is dismissal of the indictment or the complaint. *See Barker*, 407 U.S. at 522. The Court finds dismissal of the Complaint and Amended Complaint to be the appropriate remedy here. As such, the Court finds further analysis into the *de minimus* grounds unnecessary.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. A delay of twenty years violates Defendant's right to a speedy trial under the Sixth Amendment. The Court orders that this case be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** on this 4th day of February, 2020.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

AG PDSC

Date: 2/4/20  Time: 11:30am

Deputy Court of Guam